**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5223-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAMIL ROBINSON,

     Defendant-Appellant.

_____

         Submitted April 24, 2018 – Decided October 3, 2018

         Before Judges Mawla and DeAlmeida.

         On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 12-06-1143.

         Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the brief).

         Esther Suarez, Hudson County Prosecutor, attorney for respondent (Svjetlana Tesic, Assistant Prosecutor, on the brief).

    The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Defendant Ramil Robinson appeals from an order entered by the Law Division on July 6, 2017, denying his petition for post-conviction relief (PCR) without a hearing. We affirm.

I.

The following facts are derived from the record. In the early morning hours of February 17, 2012, A.G.[1] was walking from a convenience store to his home in West New York listening to his mp3 player. An assailant jumped on A.G. and punched him repeatedly. The assault caused A.G. to drop his mp3 player. The assailant demanded money from A.G. The two stood approximately three feet apart in an area illuminated by a street light. When informed that A.G. had no money in his possession, the assailant removed his jacket and attempted to engage in a fight. Noticing the mp3 player on the ground, the assailant picked it up, along with his jacket, and ran away.

A.G. went home and called police. He described the assailant to a detective as an African-American male, wearing a brown jacket, approximately six feet tall, with long hair, a beard, and missing some teeth. A.G. informed

---

[1] We use initials to protect the privacy of the victim.

A-5223-16T1

police that his mp3 player was black and silver with white headphones. The police searched for the assailant.

A.G.'s brother also separately searched for the assailant. He found defendant, whom he believed matched the description provided by his brother, and flagged down a patrol car. The officers determined that defendant matched A.G.'s description of the assailant and was using a black and silver mp3 player with white headphones. They informed defendant that they were investigating a robbery and asked him where he obtained the mp3 player. Defendant said he found the device on the ground.

Officers arrested defendant and brought him to the police station. About thirty minutes after the robbery, A.G.'s brother brought him to the station. There, A.G. identified defendant, who was alone in a holding cell, as the assailant. He also identified the mp3 player as his property.

A.G.'s identification of defendant was of the type commonly known as a show-up identification. "Showups are essentially single-person lineups: a single suspect is presented to a witness to make an identification . . . often . . . at the scene of a crime soon after its commission." State v. Henderson, 208 N.J. 208, 259 (2011).

On June 19, 2012, a Hudson County Grand Jury returned an indictment charging defendant with: (1) second-degree robbery, N.J.S.A. 2C:15-1; and (2) third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). Defendant waived his right to a jury trial.

Our Supreme Court has found show-up identifications to be "inherently suggestive." State v. Herrera, 187 N.J. 493, 504 (2006). Although defendant's counsel did not move to suppress A.G.'s out-of-court identification of defendant, see United States v. Wade, 388 U.S. 218 (1967), the trial court examined the reliability of the identification because the State's evidence "hinge[d] upon an eyewitness identification made by the victim." The court acknowledged the concerns inherent in a show-up identification:

> Our Supreme Court has held that one-on-one show-ups are inherently suggestive. Such a procedure is, by definition, suggestive because the victim can only choose from one person and generally this person is in police custody. The procedure is also suggestive because it cannot be performed blind or double blind. Thus, the main problem with show-ups is that compared to lineups, they fail to provide a safeguard against witnesses with poor memories or those inclined to guess because every mistake in identification in a show-up will point to the suspect . . . .

Applying the standards set forth in <u>Henderson</u> to determine whether the circumstances of A.G.'s identification of defendant were unduly suggestive, the court found that a

> show-up already suggestive in its own right was conducted with the defendant confined in a location that could lead one to conclude he had engaged in criminal activity. This is sufficiently suggestive to proceed on to the next prong of the analysis . . . . Once the requisite level of suggestiveness has been demonstrated, the next inquiry is whether the State has offered proof to show the proffered eyewitness identification is reliable accounting for system and estimator variables. The ultimate burden remains on the defendant to prove a very substantial likelihood of irreparable misidentification. The only system variable in an inquiry requires examination of statements made by police before and during the identification. Testimony indicated that [A.G.] was told by police, the defendant may or may not have been the person that robbed him which weighs in favor of the State because it partially mitigates the inherent suggestiveness of the show-up.

In addition, the court noted a number of estimator variables weighing in favor of the identification's reliability. Among those factors were the amount of time A.G. was face-to-face with his assailant, that the encounter took place in a well-lighted area, that A.G. was spatially close to his assailant, that A.G. and defendant are close in age, and that only thirty minutes had elapsed from the time of the robbery to the time of the identification. The court found that the

5

cross-racial nature of the identification weighed against its reliability. After considering the variables, the court found as follows:

> Weighing the system and estimator variables, I find the overall reliability of the identification made by [A.G.] to be high. The level of detail that [A.G.] provided to police regarding particular characteristics of defendant, his skin color, height, facial hair, missing teeth, brown jacket and dark jeans, suggest that [A.G.] had ample opportunity to observe defendant under sufficiently reliable circumstances. There's also no evidence that the subsequent identification was tainted by any police misconduct. Accordingly, I will consider the identification in my final determination of innocence or guilt.

On February 14, 2013, the court, relying, in part, on A.G.'s identification found defendant guilty on both counts. The State filed a motion pursuant to N.J.S.A. 2C:44-3(a) for an extended term, which was granted. The court sentenced defendant to fourteen years of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(a).

Defendant appealed his convictions and sentence. We affirmed. State v. Robinson, No. A-5302-12 (App. Div. Feb. 13, 2015). We rejected defendant's argument that the trial court erred by admitting A.G.'s identification of defendant. The Supreme Court denied certification. State v. Robinson, 223 N.J. 282 (2015).

6

On October 6, 2016, defendant filed a PCR petition in the Law Division. Defendant alleged that his trial counsel was ineffective for failing to move to suppress A.G.'s identification of defendant.

Judge John A. Young, Jr., who presided at defendant's original trial, denied defendant's PCR petition. The trial court found that defendant failed to present a prima facie case of ineffective assistance of counsel, and did not demonstrate the need for an evidentiary hearing. The court found that it engaged in a detailed analysis of the reliability of A.G.'s identification of defendant and a motion by trial counsel to suppress the identification would not have resulted in a different outcome. The court noted the decision to admit the identification was affirmed on direct appeal. Finally, the trial court rejected as "mere speculation" defendant's argument that an evidentiary hearing was necessary because "without a doubt" A.G.'s brother had a suggestive conversation with A.G. as the two traveled to the police station to identify defendant.

This appeal followed. Defendant raises the following arguments for our consideration:

> POINT I
>
> THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS ATTORNEY'S FAILURE TO FILE A <u>WADE</u>

MOTION TO CHALLENGE THE INHERENTLY SUGGESTIVE SHOW-UP IDENTIFICATION PROCEDURE USED BY POLICE AFTER DEFENDANT'S ARREST (U.S. CONST. AMEND. VI; N. J. CONST. ART. I, ¶ 10.

(A) DEFENDANT PRESENTED A SUFFICIENT SHOWING TO MEET THE FIRST PRONG OF THE STRICKLAND/FRITZ STANDARD.

(B) DEFENDANT PRESENTED A SUFFICIENT SHOWING TO MEET THE SECOND PRONG OF THE STRICKLAND/FRITZ STANDARD.

POINT II

THE PCR COURT SHOULD HAVE AFFORDED DEFENDANT AN OPPORTUNITY TO MEET HIS BURDEN OF PROOF AT AN EVIDENTIARY HEARING.

II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 687, and adopted by our Supreme Court in Fritz, 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. He must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

We review a PCR court's decision to proceed without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A defendant is entitled to an evidentiary hearing on a PCR petition if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013)

(citing R. 3:22-10(b)). The court must "view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). The defendant, however, "must do more than make bald assertions" and must instead "allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[V]ague, conclusory, or speculative" allegations will not suffice. Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158).

In addition, "PCR provides a defendant with a means to challenge the legality of a sentence or final judgment of conviction which could not have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 482 (1997). However, it does not allow a defendant "to relitigate a claim already decided on the merits." Id. at 483. Rule 3:22-5 makes clear that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or . . . in any appeal taken from such proceedings." Therefore, an argument should be barred from being pursued in a PCR petition "only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979).

Having reviewed the record in light of the applicable legal principles, we discern no abuse of discretion here. There is ample support in the record for the trial court's conclusion that defendant failed to produce any evidence that the trial court would have determined that A.G.'s identification of defendant was inadmissible had his trial counsel made a <u>Wade</u> suppression motion. The trial court, in the absence of a motion from defense counsel, engaged in a thorough analysis of the credibility of the identification. Nothing in defendant's PCR petition suggests the analysis or outcome would have changed had a motion to suppress been made by counsel. Moreover, defendant challenged the admission of the identification on direct appeal, precluding him from raising the argument again in his PCR petition. <u>R.</u> 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION